

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 12, 1961

Honorable John C. White
Commissioner,
Texas Department of Agriculture
Austin, Texas

Opinion No. WW-1057

Re: May a Cooperative Marketing
Corporation organized under
Art. 5937, et. seq., Vernon's
Civil Statutes, use an assumed
name by virtue of Art. 2.05B
of the Texas Business Corpora-
tion Act?

Dear Sir:

You have asked our opinion as to whether a Cooperative Marketing
Corporation, organized under Article 5737 et. seq., Vernon's Civil
Statutes, may conduct its business under an assumed name.

The answer to this question depends upon the correct interpretation
of the several statutes discussed below.

Chapter Eight of Title 93 governing marketing associations provides
that the provisions of the general corporate laws of this State shall apply
to such associations when not in conflict with such Chapter (Art. 5763).
In addition, however, the associations are specifically designated as non-
profit corporations (Art. 5738[d]). At the time these provisions were
enacted, 1921, the general corporate laws were encompassed for the most
part in Title 32 of the Revised Civil Statutes and covered private corpora-
tions of three kinds: religious, for charity and benevolence, and for profit.

Chapter One of Title 97 (Art. 5924, et. seq.), likewise passed in
1921 and governing the use of assumed names, specifically provides that
its provisions "shall not apply to any domestic or foreign corporation law-
fully doing business in this state." As a general rule, then, corporate
entities prior to 1955 could not avail themselves of the use of an assumed
name.

In 1955 the Texas Business Corporation Act was enacted. Article
2.85B thereof provides that "any domestic or foreign corporation having
authority to transact business in this state, may do so by filing an assumed
name certificate in the manner prescribed by law." However, the provi-
sions of the Business Corporation Act are not available to the type of

company under consideration not only because cooperative associations are specifically excluded therefrom [Art. 2.01B (4)(g); 9.14A], but because such associations are non-profit corporations. As used in the Act, "corporation" means a "corporation for profit subject to the provisions of this Act." See Opinion No. WW-404, holding that non-profit cemetery corporations could not have a perpetual existence as provided by the Business Corporation Act. Insofar as the applicability of that Act is concerned, cooperative associations stand in the same position as cemetery associations.

In 1959, the Non-Profit Corporation Act was enacted into law. Logically, such act should cover corporations such as we are here concerned with. Oddly enough, however, cooperative marketing associations are specifically excluded from this Act also. [Art. 2.01B (3)].

This being the situation, the general corporate law governing cooperative marketing associations referred to in Article 5763 must continue to be those corporate laws governing corporations generally prior to the passage of the Business Corporation Act and the Non-Profit Business Corporation Act. Opinion WW-404. This would include the assumed name statutes which, as pointed out above, do not include corporations. Therefore, we have concluded that a cooperative marketing association may not operate under an assumed name.

## SUMMARY

A cooperative marketing association may not use an assumed name.

Very truly yours,

WILL WILSON
Attorney General of Texas

By R. V. Loftin
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
C. Dean Davis
Harris Toler

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt